UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBORAH LAUFER, Individually,

      Plaintiff(s),

v.

JARAL EAST END HOTEL CORP.,

      Defendant(s).

**MEMORANDUM IN SUPPORT**

Case No. 20-CV-02680

## STATEMENT OF FACTS

For a full recitation of the facts, the Court is respectfully referred to the Declarations of Scott R. Green, Esq., Robert Salvatico and Michelle Cavallaro.

## STANDARD OF REVIEW

Fed. R. Civ. Pro. Rule 55(c) authorizes the Court to set aside an entry of default where good cause can be demonstrated, and to set aside a final default judgment under Rule 60(b).  In determining whether to relieve a party from default or from a default judgment, a court should consider "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) (quoting *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004)).  A court may also consider whether the default was made in good faith and whether the default would bring about a harsh or unfair result. *Keebler v. Rath*, 405 F. App'x 517, 519 (2d Cir. 2010) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

A motion to set aside a default judgment is "addressed to the sound discretion of the district court," however, the Second Circuit has expressed "a ***strong preference for resolving disputes***

27780888.v1

***on the merits***." *Taizhou Zhongneng,* 509 F. App'x at 56 (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal citations and quotation marks omitted) (emphasis added)). As a result, in ruling on a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Taizhou Zhongneng,* 509 F. App'x at 56 (citing *Green*, 420 F.3d at 104); *see also Micolo v. Brennan*, No. 07-CV-4901 (JS) (AKT), 2009 U.S. Dist. LEXIS 132959, at *8 (E.D.N.Y. Mar. 3, 2009) (default are "generally disfavored" and are "reserved for rare occasions"); *LaBarbera v. MMK Trucking, Inc*., No. 06-CV-6643, 2008 U.S. Dist. LEXIS 121606, at *2 (E.D.N.Y. Feb. 25, 2008) (entry of default is not favored and is considered an "extreme sanction" which must remain a weapon of last resort).

A finding of willfulness requires a showing that the defaulting party engaged in deliberate or egregious conduct. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996). In finding that the default was willful, the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F. 3d 167, 173 (2d Cir. 2001). In the context of a default, a finding of "willfulness" requires "more than mere negligence" and more than "careless or negligent errors." *Micolo*, 2009 U.S. Dist. LEXIS 132959, at *22 (finding defendant's failure to appear was not willful, that defendant did not deliberately ignore the litigation or orders of the court, but rather was "negligently unaware of them"); *see also Dixon v. Ragland*, No. 03-CV-0826, 2005 U.S. Dist. LEXIS 23800, 2005 WL 2649484, at *2 (S.D.N.Y. Oct. 14, 2005) (finding that the defendants' "statements that they lacked knowledge of [the] action raise sufficient doubts as to whether their defaults were willful").

27780888.v1

**ARGUMENT**

I.    **Defendant's Default Was Not Willful and Plaintiff's Pursuit of a Default Is Highly Suspect.**

The facts definitively demonstrate that Defendant's default not willful.  The company, its ownership and management is built on a foundation of honesty, professionalism, fair play and integrity.  It does not ignore legal process and faces claims head on.  This Complaint was simply never received at the Corporate Office or at any other address that it maintains.  Either it was never served as claimed or it was lost in the mail by some set of circumstances beyond its control.  *See* Cavallaro Dec at ¶ 9, Salvatico Dec. at ¶ 7.  As discussed below, there are ample signs that Plaintiff has pursued default against Defendant in bad faith.

To avoid redundancy, Defendant will not recite all of the important facts set forth in the Cavallaro and Salvatico Declarations.[1]

While Defendant did not willfully ignore the Complaint, two sets of facts create a strong inference that Plaintiff pursued this default in a bad faith attempt to secure an improper litigation advantage.  First, weeks after the Complaint was allegedly served by Secretary of State, Plaintiff's counsel mailed a letter dated September 2, 2020 ("Notice Letter") to The Holiday Inn Express & Suites Long Island-East End at its physical address in Riverhead, not the address designed for process in Mineola.  *See* Cavallaro Dec at ¶ 10, Salvatico Dec. at ¶ 8.  Although Defendant acted immediately, Plaintiff counsel requested a Certificate of Default against Defendant on September 3, 2020, the day after the Notice Letter was sent and before Defendant had a chance to receive the

---

[1] Defendant wishes to highlight the speed with which it responded to the September 2, 2020 Notice Letter containing only vague reference to a claim.  Defendant immediately took action in response to this letter on a legal holiday.  This demonstrates that Defendant responds to legal matters rapidly and with intention to respond.  *See* Cavallaro Dec at ¶¶ 10-12, Salvatico Dec. at ¶¶ 8-10.

27780888.v1

letter, let alone respond.  *See* Cavallaro Dec at ¶ 12, Salvatico Dec. at ¶ 10.  The motive for such a course of action by Plaintiff is informed by the result.  Accepting the premise that the Complaint was never served, Plaintiff intended for Defendant to find itself in a compromised positon upon first notice of this action.  Such improper tactics cannot be tolerated.

A review of Americans with Disabilities ("ADA") actions filed by Plaintiff's counsel Peter Sverd ("Mr. Sverd") gives further insight and lend credence to the theory that the Complaint was never served and that he is improperly using default as a litigation tactic.  In conducting a survey and review, Defendant's counsel Scott Green noted that Mr. Sverd has represented three particular plaintiffs in recent years in a number of claims under the ADA.  These plaintiffs are O'Rourke, Harty and Laufer, the Plaintiff in this case.  In all, Mr. Sverd filed 112 actions in the Eastern and Southern Districts of New York on behalf of these three Plaintiffs.  *See* Cavallaro Dec at ¶ 5. A good number of these claims remain pending. In a cursory review of these 112 actions, defense counsel began to notice a high rate of default against the defendants.  We compiled data on these actions, resulting in a spreadsheet provided to the Court with this motion.  *See* Green Dec at ¶ 6.

That data is very concerning.  Mr. Sverd has not yet filed an affidavit of service in 15 of the 112 actions filed.  Of the 97 remaining actions (including this one), Mr. Sverd has requested a certificate of default in 24 actions.  Therefore, Mr. Sverd makes an application to hold defendants in default in 25% of the ADA actions he files in the Eastern and Southern Districts of New York. Those requests were granted in all but 2 actions (including one pending).  *See* Green Dec at ¶ 7. Such a high rate of default is unusual, particularly given the substantial sample size.  This, coupled with Plaintiff's bad faith timing of the Notice Letter, permits an inference that default been sought in bad faith.  Indeed, there is significant evidence to question whether the Complaint was ever served as Plaintiff claims.

4

Here, Defendant has established that the default in this case was not willful.  As such, Defendant respectfully requests that the Court issue an Order vacating the default.

## II. Plaintiff Will Suffer No Prejudice Should the Court Issue An Order Vacating the Default Judgment

In the event that the Court issues an Order vacating the default judgment, Plaintiff will not suffer prejudice. Rather, Defendant will simply be allowed to interpose a response to the complaint.  Plaintiff cannot assert prejudice merely by virtue of the fact that Defendant will be permitted to be heard on the merits.

A plaintiff may demonstrate prejudice by showing that "his ability to pursue the claim has been hindered since the entry of the judgment" or by "the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Micolo v. Brennan*, No. 07-CV-4901 (JS)(AKT), 2009 U.S. Dist. LEXIS 132959, at *23 (E.D.N.Y. Mar. 3, 2009); *see also Raheim v. N.Y.C. Health & Hospitals Corp.*, No. 96-CV-1045, 2007 U.S. Dist. LEXIS 59573, at *5 (E.D.N.Y. Aug. 14, 2007).

"Delay alone does not satisfy the required showing of prejudice." *Farrell v. Cty. Van & Storage, Inc.*, No. 96-CV-1174, 1996 U.S. Dist. LEXIS 23178, at *8 (E.D.N.Y. Nov. 25, 1996). A delayed recovery does not establish prejudice in the absence of a showing that the delay has actually resulted in the loss of evidence or will create difficulties in discovery. No. 06-CV-6643, 2008 U.S. Dist. LEXIS 121606, at *2 (E.D.N.Y. Feb. 25, 2008).  Without a showing by plaintiff that a delay would impede discovery, the default should be set aside.

The Second Circuit has found that even if the plaintiff took steps to attempt to execute the default judgment and to proceed against the individual defendants, this would still not establish that the plaintiff would be prejudiced by the decision to vacate the default judgment entered by the district court.  *See Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 174 (2d Cir. 2001).

Taking steps to execute a default judgment is "the sensible next step for the plaintiffs at the time that the default judgment was entered." *Id.*

Here, Plaintiff will be unable to show the existence of any prejudice in setting aside the default. In fact, because she named the wrong defendant entity as set forth below, she will be required to start this claim anew if permitted to do so. Clearly, vacatur does not even result in merely delay of this matter, let along actual prejudice. As such, Defendant respectfully requests that the Court issue an Order vacating the default.

**III.     Defendant has a Meritorious Defense to Plaintiff's Allegations**

Even at this early stage Defendant presents multiple meritorious and complete defenses. Defendant intends to move to dismiss the Complaint in its entirety based on Plaintiff's lack of standing, lack of subject matter jurisdiction, and failure to state a cause of action against Defendant.

**A.     Plaintiff Named the Wrong Entity.**

Defendant Jaral East End Hotel Corp. owns the Hotel Indigo East End located in Riverhead. Defendant does not own, operate or manage the hotel identified in the Complaint as The Holiday Inn Express & Suites Long Island-East End. *See* Cavallaro Dec at ¶ 2, Salvatico Dec. at ¶¶ 2, 11, 12. Accordingly, if Plaintiff proceeds in pursing this action, she would need to identify and name the correct corporate entity.

**B.     Plaintiff lacks standing and courts through the Second Circuit have rejected her claims.**

Defendant will move to dismiss the Complaint for Plaintiff's lack of subject matter jurisdiction based on Plaintiff's lack of constitutional standing pursuant to Article III. Here, like in Plaintiff's many other pending actions filed in Federal Courts within this Circuit[2], Plaintiff has

---

[2] *See, e.g., Laufer v. OCR Duffy, LLC,* EDNY, 20-cv-2678 (hotel located in Hicksville, NY); *Laufer v. 15 Bay Avenue LLC*, EDNY, 20-cv-3556 (hotel located in Aquebogue); *Laufer v. Airport Inn Inc.,* EDNY, 20-cv-3634 (hotel located in Ronkonkoma); *Laufer v. Isaac Hospitality LLC*, EDNY, 20-cv-3548 (hotel located in Great Neck); *Laufer v. The*

27780888.v1

alleged in the Complaint that she is a "tester" and is an advocate of the rights of similarly situated disabled persons. *See* Compl. ¶ 2. Plaintiff makes clear in her Complaint that she does not intend to visit Defendant's hotel, but simply wants to "test [its online reservation system] for compliance." *Id.* at ¶ 12. Nowhere in the Complaint does Plaintiff allege that she has plans to visit New York or that she plans to stay at Defendant's hotel. This position is further supported by the fact that she is "a resident of Pasco County, Florida" and the Defendant hotel is located in Riverhead, New York. *Id.* at ¶¶ 1 & 3. Plaintiff's entire basis for standing is that she is a "tester."

Second Circuit courts frequently dismiss complaints based on a tester's lack of subject matter jurisdiction and constitutional Article III standing – including a recent case filed by Plaintiff's counsel in the Southern District of New York – *see Harty v. West Point Realty, Inc.,* 2020 U.S. Dist. LEXIS 141893, at *6 (S.D.N.Y. Aug. 7, 2020). The allegations in the *Harty* complaint are nearly identical to those in Plaintiff's complaint here. As such, Defendant is planning to set forth this argument in its forthcoming motion to dismiss.

Similarly, the Northern District of New York has gone one step further in dismissing this Plaintiff's serial "tester" complaints for lack of subject matter jurisdiction based on her lack of constitutional Article III standing. *See Laufer v. 1110 W. Albany, LLC,* No. 19-cv-01324, 2020 U.S. Dist. LEXIS 81128 (N.D.N.Y. May 7, 2020).

In May 2020, Judge Sannes issued an order stating that "[i]n every case, the Court must ensure that it has subject matter jurisdiction" and acknowledges that the Court may *sua sponte* raise the question of whether the court has subject matter jurisdiction at any stage of the proceedings. *Id.* at *1. Further, Judge Sannes recognized that "[t]here appears to be a serious question as to whether Plaintiff has established standing, in this, ***or any of her other cases***, and

---

*Crest Group, LLC,* EDNY, 20-cv-3539 (hotel located in Port Jefferson); *Laufer v. Pak-Am Hotels, Ltd.,* EDNY, 20-cv-3525 (hotel located in Riverhead); *Laufer v. GIY Owner LLC,* EDNY, 20-cv-3531 (hotel located in Brooklyn).

27780888.v1

thus whether the Court has subject matter jurisdiction over these actions." *Id.* at *2 (emphasis added) (citing *Laufer v. Laxmi & Sons, LLC*, 19-cv-01501, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020) (J. Sannes) (dismissing complaint and holding that "[t]here are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York.").

As such, in *Laufer v. 1110 West Albany,* Judge Sannes held that Plaintiff (Ms. Laufer) needed to establish that she had standing in the present case, ***as well as in the 27 other virtually-identical cases before Judge Sannes***. *Laufer v. 1110 W. Albany,* 2020 U.S. Dist. LEXIS 81128, at *2. Specifically, Judge Sannes' order reads: "[b]efore taking any further action in this, or any other of Plaintiff's cases, the Court orders Plaintiff to submit a brief in each of the actions listed in Exhibit A, explaining why the complaint should *not* be dismissed for lack of subject matter jurisdiction." *Id.* at *2. Exhibit A lists 27 cases filed in the Northern District of New York that were currently pending before Judge Sannes.

Based on the above, Defendant can easily show the existence of meritorious defenses against the allegations raised in the Complaint. As such, Defendant respectfully requests that the Court issue an Order vacating the default. Further, unless the Court decides to dismiss the Complaint for lack of subject matter jurisdiction *sua sponte,* Defendant plans to file a motion to dismiss the Complaint in its entirety based on the points raised above.

27780888.v1

## **CONCLUSION**

Defendant respectfully requests that this Court enter an order vacating Plaintiff's default judgment pursuant to Fed. R. Civ. P. 55(c) and grant Defendant such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
         September 21, 2020

                                        Respectfully submitted,

                                        GOLDBERG SEGALLA LLP


                                        By:  *Scott R. Green*
                                             _____
                                             Scott R. Green, Esq.
                                             Cali L. Chandiramani, Esq.
                                             *Attorneys for Defendant*
                                             200 Garden City Plaza, Suite 520
                                             Garden City, NY 11530-3203
                                             Phone: (516) 281-9800
                                             Fax: (516) 281-9801
                                             sgreen@goldbergsegalla.com
                                             cchandiramani@goldbergsegalla.com


TO:    PETER SVERD, ESQ.
       Of Counsel to Thomas B. Bacon, P.A.
       *Attorneys for Plaintiff*
       225 Broadway – Suite 613
       New York, NY 10007
       646-751-8743

27780888.v1