

**THE LAW OFFICES OF**
**PETER SVERD**
P L L C

October 1, 2020

225 Broadway, Suite 613
New York NY 10007

☎ 646-751-8743
🖨 212-964-9516
✉ psverd@sverdlawfirm.com
🌐 www.sverdlawfirm.com

**VIA ECF**

Hon. Ann M. Donnelly
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  **Deborah Laufer v. Jaral East End Hotel Corp.**
Case No.: 2:20-cv-023680 (AMD)(SIL)
<u>**RESPONSE TO MOTION TO STRIKE AND DISMISS THE MOTION TO VACATE THE DEFAULT: RULE 11 REQUEST FOR SANCTIONS**</u>

Hon. District Court Judge Donnelly,

This firm represents plaintiff Deborah Laufer in this matter. This correspondence is in opposition to the September 29, 2020 Letter Motion of the defendant, Jaral East End Hotel Corp.'s ("defendant") which seeks an Order from This Court striking the amended complaint, as well as, opposition to the defendant's Motion to Vacate its Default Doc. 12. This letter shall also serve as Plaintiff's application for Rule 11 Sanctions against Attorney Green, and his client whose actions, allegations, litigation strategy, in this case are not being presented for any proper purpose, are intended to malign Attorney Peter Sverd, to cause unnecessary delay and needlessly increase in the cost of this litigation; are making claims, defenses, and other legal contentions not founded by existing law are rife with frivolous arguments that are not cognizable under law, or reasonable extension of law. The allegations and other factual contentions made by Mr. Green and his clients have no evidentiary support for the remedy of sanctions that they seek and sanctions against plaintiff and Attorney Sverd must not be granted. The assault of Mr. Green and his clients are not based in law, pleadings in this case, or the facts of this case. They currently seek <u>only</u> to prosecute Attorney Peter Sverd on the concocted, not plead, asserted, or supported allegation that the manner in which Attorney Peter Sverd employs process servers to effectuate service of process of complaints is unethical. This assault is malicious, has nothing to do with the case at hand, is not founded on any factual basis, and is without question frivolous and sanctionable; Mr. Green is not litigating the merits of the case; he and his clients are seeking to prosecute Peter Sverd, Esq., in this proceeding.

The undersigned takes great offense to the fact that attorney Scott R. Green, has labelled my conduct in obtaining a Clerk's Certificate of Default against his client, and other defaulting defendants as "unethical" "in bad faith" and an indicia that "there they may be something wrong with the manner that Mr. Sverd is serving his client's complaints." <u>See</u> Motion to

*October 1, 2020*
*Hon. Judge Donnelly*
*Page 2 of 6*

Default Clerk Certificate of Default.[1] Attorney Green and his client are pressing for sanctions in its motion to strike the amended complaint, as well.

      I have been a practicing attorney in this State for over eighteen (18) years- and while I have had my scraps over the years, I have given and received lumps to, and at the hands of clients, adversaries, attorneys, judges and clerks, no disciplinary proceedings have ever been taken against me, and I have enjoyed an unblemished tenure as an advocate, and licensed attorney. I continue to, and always will, use the powers vested in me, humbly, with caution, and for the advancement of the interests of my clients within the bounds of the law. Attorney Green

---

[1] In every instance that I can remember, I stipulate the vacatur of a Clerk's Certificate of Default, where a defendant contacts me and agrees to appear in the action and defend the case. This is especially true in instances where an attorney has made an appearance for the defaulting defendant. In this instance, I never had the opportunity to stipulate to the vacatur of the default in this case with Attorney Scott. I do not recall a discussion with Attorney Scott on the subject, prior to he and his clients filing their motion to vacate their default on September 21, 2020, and I have no email communications with him prior to the filing of their motion. I did correspond to Attorney Scott the day after the motion was filed:

**From:** Peter Sverd <psverd@sverdlawfirm.com>
**Sent:** Tuesday, September 22, 2020 3:14 PM
**To:** Green, Scott R. <sgreen@goldbergsegalla.com>
**Cc:** Eric Steinfeld <esteinfeld@sverdlawfirm.com>
**Subject:** 3714 Laufer v. Jaral
Good afternoon Scott,
I received your client's motion to vacate its default.
I went through the land records and corp database and realized that plaintiff named the incorrect corporate party defendant.
It appears that Jaral Riverhead Corp. should be named the proper party; which appears to be owned by your clients- in any event.
I am happy to vacate the default and interpose an amended complaint with the new party.
Peter

*October 1, 2020*
*Hon. Judge Donnelly*
*Page 3 of 6*

should know better than to make such specious and frivolous attacks upon a fellow member of the bar.

It is the practice of this office to serve corporate and company defendants via New York Secretary of State. The address that the defendant has on file with the New York Department of State, as their address for service of process, is where process will be made. Mr. Green, knows that the information that his client provides to the State must be correct and updated- the plaintiff has no control over what this and other defendants submit to the State.

Because of the many cases that my law firm files on behalf of crippled and disabled Americans, it became clear that many defendants simply fail to provide the State with accurate and updated information for service of process. As a result, many of the lawsuits that we file go unanswered, and defaults are often applied for, either at the insistence of The Court, or in furthering the interest of our clients. Some time ago, as an accommodation to the defendants, we began to voluntarily send letters to those in default advising them that the lawsuit had been filed against them and that they are either in, or at risk of defaulting. The undersigned knows of no FRCP, or law, that requires us to attempt to re-serve or provide defaulting parties in ADA cases with additional notification before an application for a Clerk's Certificate of Default is made. If there is such a rule, and we failed to adhere to it, then it was an inadvertent oversight- for which we take responsibility for.

We serve the additional letter with the hope that the recipient, at an office address, or at the address of the public accommodation itself, will receive actual notice that the case was commenced. In many instances our letters achieve the desired results: the defendants contact us; we do not engage in extraneous motion practice to obtain default judgments; the defendants hire an attorney; and, the cases can proceed on the merits. Contrary to Mr. Green's assumption, this is a happy result for plaintiff: the cases get resolved quicker and the defendants get into ADA compliance quicker, serving the interest of my clients, the larger handicapped community throughout this nation, and those around the world looking to travel to regions in our great state by booking hotel accommodations on-line, or visiting premises and accommodations that are made accessible to them, through my labor. Taking defaults against defendants in ADA cases does not further the goal of the plaintiff, my law firm, or the public at large. It is never our intention to start an ADA action so that we can obtain a default judgment. When defaults must be taken, they are done in accordance with FRCP, and under Judicial Scrutiny. The attorney taking proper procedural steps cannot be deemed "unethical" or their "conduct sanctionable." Mr. Green is way out of line to assert that my office has a practice of sewer serving defendants- we go above and beyond what is required to avoid resolving cases on default.

The only prescient piece of information that the Defendant's provided in its Motion to Vacate Its Default is that it alerted the Plaintiff that it had named the incorrect Defendant in this lawsuit. The Complaint inadvertently named Jaral East End Hotel Corp., as the owner of the public accommodation, when the correct party ought to have been "Jaral Riverhead Corp." After

October 1, 2020
Hon. Judge Donnelly
Page 4 of 6

learning of this fact (which Attorney Green could have informally apprised me of), Plaintiff promptly interposed its Amended Complaint naming Jaral Riverhead Corp., and requested the issuance of a summons against Jaral Riverhead Corp. This was not done to cover my own actions so as to escape, what Attorney Green invented to be some wrongdoing or liability on my part about service of process- I ignored the spurious allegations in the motion to vacate the default, because I have better things to do with my time, doing so would not serve the interest of my client who expects timely and efficient pursuit of justice.

The Amended Complaint did not name Jaral East End Hotel Corp. as a party- as they are not a proper party. Subsequently, on September 22, 2020, I emailed Attorney Green, and advised that it was my understanding that by interposing the amended complaint, it rendered any default against his client a nullity as the superseding complaint did not name them. I further advised that "in any event I am happy to vacate the default against them (Jaral East End Hotel Corp.) once the summons is issued." The undersigned did not oppose the motion to vacate the Clerk's Certificate of Default because it is believed to be moot, and plaintiff agreed to stipulate to vacate the default on two occasions. Moreover, to the extent that Jaral East End Hotel Corp. is no longer a party to this action it has no standing seek relief or petition the Court.

The Amended Complaint was timely filed and the defendants have no standing to receive any relief from the Court. FRCP 15 (a) provides that a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Since the defendant in this case have not filed an answer the plaintiff is entitled to amend her pleadings, as of right, to add new parties, or subtract parties. See, Doe # 1 v. Syracuse University, 335 F.R.D. 356, 2020 WL 2065864 (N.D.N.Y. 2020)(following the First and Seventh Circuit Courts of Appeals, which agree with the interpretation of Rule 15 that no time gap exists. See D'Agostino, 802 F.3d at 193 (stating that "[n]othing else in either the text of Rule 15 or in the advisory committee's notes evinces an intent to confine amendments as a matter of course under Rule 15(a)(1)(B) to a narrow window following service of an answer or a response motion"); Swanigan v. City of Chicago, 775 F.3d 953, 963 (7th Cir. 2015) (holding that the district court erred in dismissing a case because the plaintiff had retained the right to amend his complaint as a matter of course even though more than 21 days had passed since it was served and no answer or responsive pleading had yet been filed); United States ex rel. Gacek v. Premier Med. Mgmt., Inc., No. 14-cv-0342, 2017 WL 2838179, at *5, 2017 U.S. Dist. LEXIS 101963, at *4 (S.D. Ala. June 30, 2017) ("[P]laintiffs are routinely permitted to amend their complaints once as a matter of course at any time from the date they are filed until a date 21 days after service of a responsive pleading or motion to dismiss."); President & Fellows of Harvard Coll. v. Elmore, No. 15-cv-00472, 2015 WL 10819161, at *1, 2015 U.S. Dist. LEXIS 178092, *3–4 (D.N.M. Nov. 9, 2015) (noting that "Rule 15(a)(1)(B) does not prohibit the plaintiff from amending a pleading before defendant files a response" because the 2009 "change did not limit amendments to that 21-day period [after service]"); see also 6 Charles Alan Wright et al., Federal Practice and Procedure, § 1480 (3d ed.

*October 1, 2020*
*Hon. Judge Donnelly*
*Page 5 of 6*

2010) ("[I]f the time for serving the responsive pleading is extended by a motion ... or by stipulation, the period for amending as of right also may be enlarged."). As the First Circuit reasoned in *D'Agostino*, the advisory committee's notes suggest that the "2009 revisions did not purpose to alter the time at which a plaintiff can first amend as a matter of course." 802 F.3d at 193. Rather, their "focus on the time at which the right to amend terminates and its concomitant silence concerning changes to when such an amendment may first be made makes abundantly clear that ... the word 'within' merely specifies the point at which the right expires.")

More importantly, once a pleading is amended to remove a party, that removed party is no longer a party to the case, and accordingly, no longer had standing to petition the court for relief. See Attorneys Liability Protection Soc. v. Klein, 929 F.Supp 1399 (S.D.Ct. Kansas, 1996) citing City Bank v. Glenn Constr. Corp., 68 F.R.D. 511, 513 (D.Haw.1975) (since no answer had been filed, the plaintiff was entitled to amend its pleadings once as a matter of right, and was therefore entitled to drop corporate debtor as a defendant and continue the suit only against the individual guarantors).

Not satisfied, that the complaint was superseded and amended to omit the erroneously named party, and add the correct party as of right- after being presented with Doe # 1 v. Syracuse University. Attorney Green and the Defendants moved to strike the amended complaint, and persist to make its spurious, baseless, allegations against Attorney Sverd. Attorney Green and his clients refused to enter into a stipulation vacating the Clerk's Certificate of Default against them even though they are an incorrectly named party, they also, through their actions, did not agree to accept service of the Amended Complaint, against the correct party. There is no question that Attorney Green and his clients are pursuing a litigation strategy whose sole end is to litigate against Attorney Sverd, on baseless, frivolous, grounds. Their litigation strategy has also required my law firm to expend over four (4) hours opposing the motion to vacate (that is moot) and opposing the motion to strike the amended complaint- even though the defendant has no legal right to do so.

Attorney Green and his clients are harassing, injuring, maligning, driving up the cost of this lawsuit (against the wrong party) which is wholly frivolous and sanctionable. Mr. Green and his clients Motion to Strike the Amended Pleading is replete with calls to sanctions plaintiff's counsel:

> "In Jaral's motion to vacate papers, Jaral did not expressly seek sanctions and costs **because counsel wanted to provide Plaintiff's counsel with an opportunity to offer a reasonable excuse for his conduct in this case (and in many others); however, Plaintiff has failed to put forth *any* excuse or explanation for his conduct. Thus seeking sanctions and costs is now appropriate."**

> See Footnote 1, September 29, 2020, Defendant's Motion to Strike the Amended Complaint.

*October 1, 2020*
*Hon. Judge Donnelly*
*Page 6 of 6*

  The only reason they persist is based upon their supposition that Attorney Peter Sverd does not play by the rules, and instead breaks them. I am not on trial, and Plaintiff has no obligation to oppose the defendants motion to vacate the default, let alone profess and prove its innocence beyond some legal standard. In any event, I have voluntarily explained how we serve process, and there is absolutely no basis to award the defendant sanctions.

  The motion to strike the amended pleading must be denied, the motion to vacate the Clerk Certificate of Default is moot, and the defendants no longer have standing to seek any relief from This Court, and the motion to vacate the default must be dismissed.

  Plaintiff is entitled to sanctions against Attorney Green and Jaral East End Hotel Corp. for the cost of opposing these two motions, and for having to rise to defend itself against malicious, unfounded, and spurious allegations against Attorney Sverd.

  Respectfully and regretfully submitted,

                Peter Sverd, Esq.

cc. Attorney Scott R. Green by ECF ONLY